# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAYE S. WILKES, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 2:10-CV-68-RWS |
| HABERSHAM COUNTY<br>COMMISSIONERS, *et al.*,<br>Defendants. | :<br>:<br>: |

## **ORDER**

Plaintiff Kaye Wilkes, *pro se*, filed this action on April 19, 2010 and requested that she be permitted to proceed *in forma pauperis*. On November 9, 2010, Magistrate Judge Susan S. Cole entered an order granting Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to assign the case for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is presently before this Court for the frivolity determination.

Ms. Wilkes has filed what appears to be a § 1983 suit against the Habersham County Commissioners, the Habersham County Sheriff's Department, the Habersham County Sheriff, and Deputy Crumley. As alleged,

AO 72A
(Rev.8/82)

the Plaintiff's ex-husband had the Habersham County Sheriff's Department assist him while he broke into the Plaintiff's home and stole her belongings. Cmpl., Dkt. No. [5].[1] Based upon testimony at her ex-husband's committal hearing, which led to the issuance of a burglary warrant, Habersham County Deputy Sheriff Crumley stated that he was sent to the Plaintiff's home by the Habersham County Sheriff to keep the peace while Plaintiff's ex-husband went to her home to pick up belongings which he received in their divorce. Dkt. No. [3-3] at 42:17-20, 46:19-21. Deputy Crumley maintained, however, that he was under the impression that the Plaintiff's ex-husband was only obtaining the belongings listed in his divorce decree. Id. at 42:2-5. And, the Plaintiff's ex-husband himself testified that he told the Sheriff he was going to pick up his rightful belongings. Id. at 54:23-55:3.

Pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] Additionally, the Court notes that is it unable to find any facts which were plead regarding the Commissioners' conduct.

2

relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim is also frivolous where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327. If an affirmative defense such as a statute of limitation would defeat a claim, that claim may also be frivolous. Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

Here, Plaintiff's claims are frivolous.  First, the County Commissioners are not proper parties.  "Georgia law recognizes its sheriffs as 'arms of the state.'"  Rylee v. Chapman, 316 Fed. App'x 901, 905 (11th Cir. 2009) (citing Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007) (rev'd en banc on other grounds)).  Therefore, as county officials, the Commissioners have no responsibility for the sheriff's department or its employees.

As well, the state officials–the Sheriff's Department, the Sheriff, and Deputy Crumley–would have Eleventh Amendment immunity for any official capacity claims against them. Absent abrogation of immunity by Congress,

3

"[t]he Eleventh Amendment protects a State from being sued in federal court without the State's consent." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2002). "It is also well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." Id.

Specifically in Manders, the Eleventh Circuit held that sheriffs are "arms of the state" and, as such, are entitled to Eleventh Amendment immunity. In doing so, the court found important that the Georgia Constitution grants the State of Georgia the exclusive authority to establish and control a sheriff's power and duties, while "expressly prevent[ing] counties from controlling or affecting the sheriff's office or the personnel thereof." Manders, 338 F.3d at 1310. The court went on to state "deputies, including those serving as jailers, are employees of the sheriff and not the county." Id. at 1113. By this language, Manders indicates that its reasoning would apply to those to whom the sheriff delegates his authority. Therefore, all official capacity claims would be barred, including those against Deputy Crumley.

Additionally, the Habersham County Sheriff is not individually liable for Deputy Crumley's actions. In Monell v. Dep't of Soc. Servs., 436 U.S. 658

4

(1978), the Supreme Court held that local governments are not liable under the doctrine of *respondeat superior* for acts of their officials. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent an official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

Plaintiff made no allegations that would support a finding that the Habersham County Sheriff's Department or the Sheriff himself had any policy or custom which authorized assisting burglars. In fact, Deputy Crumley testified at the committal hearing that the civil standby–which was the term for the Deputy's action–was unusual and was something they "try not to do . . . as officers." Dkt. No. [3-3] at 46:17-21. If anything, their policy cuts against liability.

Last, Deputy Crumley would have qualified immunity for his actions. Qualified immunity provides "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)

(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Its purpose is to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted).

Qualified immunity is a question of law for the court. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557(11th Cir. 1993). There is a two-part test to determine whether a defendant is entitled to qualified immunity. First, a court asks " 'whether [the] plaintiff's allegations, if true, establish a constitutional violation.' " Vinyard, 311 F.3d at 1346 (quoting Hope v. Pelzer, 536 U.S. 730, (2002)). Second, after sufficiently stating a constitutional violation, a court must ask whether the right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001). A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). The salient question is whether the state of the law at the time of the alleged violation gave officials

"fair warning" that their acts were unlawful. Hope, 536 U.S. at 740; Holmes v. Kucynda, 321 F.3d 1069, 1078(11th Cir. 2003).

Here, there is no evidence that going to a residence to "keep the peace" violates a clearly established right.  Regardless of whether the Plaintiff's ex-husband had the right to take the belongings that he took, Deputy Crumley was told to go to the residence to prevent any altercation.  Completing a civil standby does not violate a constitutional right and even if it did, that right was not clearly established.

In light of the foregoing, Plaintiff's complaint is **DISMISSED** against all Defendants.  The Clerk is directed to close this case.

**SO ORDERED** this  25th  day of April, 2011.

_____
**RICHARD W. STORY**
United States District Judge

7

AO 72A
(Rev.8/82)